IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

**vs.**  Case No. 4:97cr9-RH
Case No. 4:07cv39-RH/WCS

**ANTHONY WILLIAMS,**

    Defendant.

_____/


## REPORT AND RECOMMENDATION ON RULE 60(b) MOTION

Defendant filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6) in light of Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Doc. 92. Defendant seeks relief from the judgment denying his 28 U.S.C. § 2255 motion.

Defendant's § 2255 motion was denied with prejudice. Docs. 76 and 78 (report and recommendation as adopted). Defendant took an appeal, and a certificate of appealability was denied by this court and the Eleventh Circuit. Docs. 79, 80, and 86. The Eleventh Circuit's order of June 13, 2001, was issued in lieu of a mandate. Docs. 86 and 87. The current motion was signed by Defendant and delivered to prison officials for mailing on January 25, 2007.

**Gonzalez and Rule 60(b)**

Gonzalez explained the difference between a true Rule 60(b) motion and an unauthorized second or successive 28 U.S.C. § 2254 habeas corpus petition. A Rule 60(b) motion containing one or more "claims" for relief, *i.e.*, "an asserted federal basis for relief from a . . . judgment of conviction," is in substance a successive petition, or at least sufficiently similar to one to be treated accordingly. 125 S.Ct. at 2647 (discussing the language of § 2244(b) and agreeing with the circuit courts which had considered the question) (citations omitted). Section 2255 does not use the "claim" language set forth in § 2244(b),[1] but provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." § 2255 ¶ 8. It references § 2244, and it seems clear that a Rule 60 motion presenting a "claim" as defined in Gonzalez would be considered a second or successive § 2255 motion. *See*, Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1262 (11th Cir. 2004) (affirmed on other grounds by the Supreme Court in Gonzalez) (noting no material difference between § § 2254 and 2255 for purposes of Rule 60[2]); United States v. Nelson, 465 F.3d 1145, 1147-49 (10th Cir. 2006) ("the same mode of analysis" used

---

[1] Subsections § 2244(b)(1) and (2) refer to "[a] claim presented in a second or successive habeas corpus application under section 2254" that either was or was not "presented in a prior application," so the Court found it clear that "an 'application' for habeas relief is a filing that contains one or more 'claims.' " 125 S.Ct. at 2647.

[2] The Eleventh Circuit's opinion addressed claims brought by two § 2254 petitioners (Gonzalez and Mobley) and one § 2255 movant (Lazo). Certiorari was only granted as to Gonzalez, and the Supreme Court expressly limited its Gonzalez opinion to the application of Rule 60 in habeas proceedings under 28 U.S.C. § 2254. 125 S.Ct. at 2646, n. 3. *See* Jackson v. Crosby, 437 F.3d 1290, 1294-95 and n. 6 (11th Cir. 2006) (noting that the Supreme Court did not disturb the Eleventh Circuit's *en banc* decision in Gonzalez).

in Gonzalez applied to purported motion to amend § 2255 motion which had already been denied; motion was essentially a second or successive § 2255 motion).

Examples of claims presented by Rule 60 that should be subject to the limitations on second or successive petitions included: presentation of a claim that was omitted from a prior application due to alleged excusable neglect; argument to support a claim previously denied based on newly discovered evidence; or argument that prior denial of relief was in error based on an intervening change in substantive law.  Id., at 2647.  A motion attacking the prior denial of relief on the merits would also qualify, "since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.  Id., at 2648.  On the other hand, this is not the case "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."  Id. (footnote omitted).

By "on the merits," the Court referred "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief."  Id., n. 4.  A petitioner does not make such a claim "when he merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."  Id.

As summarized by the Tenth Circuit, a true 60(b) motion under Gonzalez either "challenges only a procedural ruling . . . which precluded a merits determination," or "challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the

disposition of a prior habeas petition." Spitnas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citing Gonzalez).

**Prior § 2255 Proceedings**

Defendant argues that he is entitled to relief from denial of his § 2255 motion because the court did not resolve the "waiver" issue asserted in ground one. Doc. 92, pp. 8, 12.[3] Defendant only challenges the alleged failure to rule on ground one. *Id.*, p. 6. If Defendant is correct that this court failed to resolve an issue squarely presented, then he is challenging the integrity of the prior proceedings and his claim should not be treated as a second or successive § 2255 motion. "The defect lies not in the district court's resolution of the merits of [this] claim (since it never reached those merits), but in its failure to make any ruling on a claim that was properly presented in the prior motion." Spitnas, 464 F.3d at 1224-25; *see also* Peach v. United States, 468 F.3d 1269, 1271-72 (10th Cir. 2006) (argument that the district court failed to rule on petitioners claim alleged a defect in the integrity of the § 2255 proceedings, and was a "true" Rule 60(b) claim) (*following* Spitnas).

A review of the relevant § 2255 arguments and the court's analysis is therefore necessary to determining whether Defendant presents a true Rule 60 motion. Grounds one and two of the § 2255 motion were addressed together in the report and recommendation, finding that they were "intertwined." Doc. 76 (incorporated in full by

---

[3] References to page numbers are to the numbers assigned by the electronic docket for purposes of uniformity and convenience of the district judge (and or the appellate court) on review. Many of Defendant's filings were written in pencil (due to his placement in administrative confinement or the Special Housing Unit, docs. 77, p. 1, doc. 92, p. 2), so the scanned documents are not completely legible. Where not legible the undersigned has consulted the original paper documents, which remain available as the file has not yet been sent to federal archives.

Case Nos. 4:97cr9-RH and 4:07cv39-RH/WCS

reference), p. 2. The grounds were set forth as stated on the § 2255 form, though it was noted that the claims were "not so distinct in the supporting memorandum." *Id.*, p. 2 and n. 1. The record facts regarding the Defendant's claim that counsel operated under a conflict of interest were set forth, including the fact that Defendant's pro se motion to dismiss appointed counsel, filed prior to sentencing, was heard at the time of sentencing.[4] *Id.*, pp. 2-5.

Defendant had argued that "because the conflict was brought to the court's attention, *the alleged failure of the court to make further inquiry or appoint alternative counsel was reversible error*." Doc. 76, p. 6 (citing Defendant's motion, emphasis added). In the report and recommendation, a supporting case cited by Defendant was found to be distinguishable as it involved joint representation, and "there was neither joint representation nor related facts" in this case. *Id.* It was determined that "[t]he claim must be decided using the actual conflict standard," which applied to ineffective assistance of counsel claims based on conflict of interest. *Id.*, pp. 6 and 7 (discussing that standard).

The court cited, *inter alia*, Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64

---

[4] In this case, Assistant Federal Public Defender Clark had previously represented witness Ronald Phillips, who testified regarding a conversation he had with Defendant at the Federal Detention Center. Doc. 76, pp. 2-3. On cross examination, Clark asked Phillips if he remembered Clark's prior representation, and asked Phillips a number of questions about his prior history of getting into trouble and getting out of it by setting people up. *Id.*, p. 4. He asked Phillips if he had stolen Defendant's paperwork. *Id.* In closing, Clark argued that Phillips had a long history of getting in trouble and then trying to get out of it by making a deal with law enforcement, and again noted the stolen paperwork, implying that Phillips took it to get information against Defendant. *Id.*, pp. 4-5. When the court considered the possible conflict at sentencing, it found that it did not appear to have affected the trial, except possibly in Defendant's favor. *Id.*, pp. 5-6.

L.Ed.2d 333 (1980), and Freund v. Butterworth, 165 F.3d 839, 859 (11th Cir.), *cert. denied*, 528 U.S. 817, 120 S.Ct. 57, 145 L.Ed.2d 50 (1999). *Id.* Using this standard, it was the found that Defendant had not demonstrated an actual conflict which adversely affected counsel's performance, so prejudice was not presumed. *Id.*, pp. 6-9. Actual prejudice had not been shown. *Id.*

Defendant filed objections to the report and recommendation. Doc. 77. He challenged the court's assumption that grounds one and two were intertwined, claiming that ground one "stands on its own; that being," the right to counsel free of any conflict. Doc. 77, p. 4.

> And because of the failure of the court to inform the petitioner; (after the court was advise in a timely manner that a potential conflict exist). That he has the right to other counsel or the right to waiver any conflict of interest, and proceed to trial with Mr. Clark knowing that a conflict of interest exist. However, this was not done; thus, petitioner's claim in ground (I) was very clear. He was deprived of his right to effective assistance of counsel (6th Amend.) also petitioner was deprived of his 5th Amend. right to due process of law; that is his right to a fair trial: that being without the aid of effective assistance of counsel; such affects the fairness of the trial. Strickland 104 S.Ct. at 2064.

*Id.* (spelling and punctuation from original).

Defendant argued that the undersigned only cited one of the cases he had cited, that he never claimed it was the same as his case, and that a case can be cited for more than one proposition. Doc. 77, p. 5. He asserted that the record did not show that he was advised of the conflict, potential dangers of the conflict, or his right to other counsel, and the Government had the burden to prove his waiver of the conflict. *Id.*, p. 6. This was ground one, Defendant claimed, and he was not required to prove prejudice. *Id.*, *citing* Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d

426  (1978), Wood v. Georgia, 450 U.S. 261, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981), and Wheat v. United States, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988).

The report and recommendation was adopted over Defendant's objections.  Doc. 78.  Defendant filed a notice of appeal and request for certificate of appealability.  Doc. 79.  He claimed that the court failed to uphold its duty to avoid a potential conflict of interest under Holloway, and erred in applying Strickland rather than Holloway, as Holloway applies when the court is aware of but fails to adequately inquire into a potential conflict.  Doc. 79, pp. 3-4, 6.  A certificate of appealability was denied.  Docs. 80 and 86.

**Current Claim**

Defendant argues that he is entitled to relief from denial of his § 2255 motion because the court did not resolve the "waiver" issue asserted in ground one.  Doc. 92, pp. 8, 12.  Specifically, "[i]n ground (I) of said 2255 motion, petitioner alleged that his counsel timely advised the trial court of a conflict of interest, and *that reversal was automatic due to failure of court to adequately inquire into the basis of the conflict or to secure a valid waiver [from] petitioner*."  Doc. 92, p. 6 (emphasis again added).  He "contends that the merits of the (1)st "waiver issue" alleged in ground one of his 2255 motion were not resolved . . . ."  *Id.*, p. 8.  He claims that the undersigned barely mentioned the waiver issue, but "merely concluded" that the actual conflict standard applied, so there was no resolution or adjudication of the waiver issue.  *Id.*, p. 9, referencing the report and recommendation (doc. 76) at pp. 2 and 6.

Defendant references cases addressing conflicts of interest by counsel.  *Id.*, pp. 10-14.  He cites United States v. Garcia, 517 F.2d 272 (5th Cir. 1975) as the controlling

legal authority in this circuit, and claims it should have governed the waiver issue in this case. *Id.*, pp. 10-11.

Defendant asserts this is an "extraordinary" case "in light of the fact the record does not reflect a knowing and voluntary waiver of the conflict of interest by the petitioner, [especially] since the Petitioner raised the issue in his § 2255 motion." *Id.*, p. 12. As this is an extraordinary case, Defendant argues, he is entitled to Rule 60(b)(6) relief under Gonzalez.

Defendant also claims that, because there was not a full adjudication on the merits of ground one, the court's denial of § 2255 relief was void and violates due process, so he is entitled to relief under Rule 60(b)(4). *Id.*, pp. 15-19 (collecting cases).[5] Defendant asserts that his Rule 60 motion is timely, as it was filed within a reasonable time following the decision in Gonzalez. *Id.*, p. 19-20.

**Analysis**

The simple answer to this motion is that since there was no conflict of interest in violation of the Sixth Amendment, there was no reason to address the issue of the duty to inquire as to whether Defendant wanted to waive the conflict. There is no need to

---

[5] As explained in Gonzalez, Rule 60(b)(6) "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' *other* than the more specific circumstances set out in Rules 60(b)(1)-(5)." 545 U.S. at 528, 125 S.Ct. at 2645 (emphasis added), *citing* Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863, n. 11, 108 S.Ct. 2194, 2204, n. 11, 100 L.Ed.2d 855 (1988) and Klapprott v. United States, 335 U.S. 601, 613, 69 S.Ct. 384, 93 L.Ed. 266 (1949). As Defendant is not entitled to relief under either (b)(4) or (b)(6), whether these clauses are mutually exclusive is academic.

waive something that does not exist.   The need for a Garcia hearing is "triggered by the finding of an actual conflict of interest."   U. S. v. Vasquez, 298 F.3d 354, 360 (5th Cir.), *cert. denied*, 537 U.S. 1024 (2002).

This court's rulings are consistent with Mickens v. Taylor, 535 U.S. 162, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002), decided a few years later.  In that appeal from denial of a § 2255 motion, the Supreme Court addressed the question of "what a defendant must show in order to demonstrate a Sixth Amendment violation where the trial court fails to inquire into a potential conflict of interest about which it knew or reasonably should have known."  535 U.S. at 164, 122 S.Ct. at 1239.  The Court rejected the argument that Wood v. Georgia established an "unambiguous rule" that where the court fails to adequately inquire, the defendant must only show a conflict of interest, and not adverse effect, for reversal.  *Id.*, at 170-173, 122 S.Ct. at 1243-45.  The Court explained that "the *Sullivan* standard[6] is not properly read as requiring inquiry into actual conflict as something separate and apart from adverse effect.  An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance."  *Id.*, at 172, n. 5, 122 S.Ct. at 122, n. 5.

The Court further said:

> Since this was not a case in which (as in *Holloway*) counsel protested his inability simultaneously to represent multiple defendants; and *since the trial court's failure to make the Sullivan-mandated inquiry does not reduce*

---

[6] In Cuyler v. Sullivan, counsel represented (without objection) three codefendants accused of murder and tried separately.  The Court addressed the court's duty to inquire when it knows or reasonably should know of a particular conflict in a multiple representation case, "which is not to be confused with when the trial court is aware of a vague, unspecified possibility of conflict, such as that which 'inheres in almost every instance of multiple representation.' "  Mickens, 535 U.S. at 168-169, 122 S.Ct. at 1242 (footnote and citations to Sullivan omitted).

*the petitioner's burden of proof*; it was *at least* necessary, to void the conviction, for petitioner to establish that the conflict of interest adversely affected his counsel's performance.

535 U.S. at 173-174, 122 S.Ct. at 1245 (emphasis added). The Court said:

> *Holloway* thus creates an automatic reversal rule *only* where defense counsel is forced to represent codefendants over his timely objection, unless the trial court has determined that there is no conflict. *Id.*, at 488, 98 S.Ct. 1173 ("[W]henever a trial court improperly requires joint representation over timely objection reversal is automatic").

535 at 168, 122 S.Ct. at 1241-1242 (emphasis added). As explained in the last report and recommendation, Holloway is different from the case at bar because there, the attorney actively represented several defendants during the trial, a case of joint representation.

The Court in Mickens further said: "Lest today's holding be misconstrued, we note that the only question presented was the effect of a trial court's failure to inquire into a potential conflict upon the *Sullivan* rule that deficient performance of counsel must be shown." *Id.*, at 174, 122 S.Ct. at 1245. The Court collected circuit court cases which "unblinkingly" applied Sullivan to all kinds of conflicts outside the context of multiple concurrent representation. *Id.* (citing Freund, which this court relied upon, other citations omitted). The Court specifically noted that FED. R. CRIM. P. 44(c) "requir[es] a trial court to inquire into the likelihood of conflict whenever *jointly* charged defendants are represented by a single attorney . . . but not when counsel previously represented another defendant in a substantially related matter, even where the trial court is aware of the prior representation." *Id.*, at 175, 122 S.Ct. at 1245-46 (citing Sullivan) (footnote, quoting Rule 44(c), omitted, emphasis added). The Court noted that, whether Sullivan should be extended to successive representation cases, "remains, as far as the

jurisprudence of this Court is concerned, an open question." *Id.*, at 176, 122 S.Ct. at 1246.  *See also* Schwab v. Crosby, 451 F.3d 1308, 1325 (11th Cir. 2006), *cert. denied*, 127 S.Ct. 1126 (January 16, 2007) (noting that while this discussion in Mickens may be *dicta*, it must be accorded appropriate deference).[7]

**Conclusion**

There was no conflict of interest, and thus no need to reach the waiver issue. Mickens supports that ruling.  For these reasons, this Rule 60(b) motion is essentially an unauthorized second or successive § 2255 motion under Gonzalez, and this court lacks jurisdiction to consider it.  § 2255 (referencing § 2244); § 2255 Rule 9 (party must obtain authorization from court of appeals before presenting a second or successive motion).

Alternatively, to the extent Defendant's claim could be viewed as challenging only the integrity of the § 2255 proceedings, he is not entitled to relief under Rule 60(b)(6) as he has not demonstrated extraordinary circumstances.  There is no new law in Defendant's favor on the conflict of interest waiver issue; indeed, subsequent law supports the judgment.  Finally, Defendant has not shown that the prior judgment is void for purposes of Rule 60(b)(4), which "provides that a court may relieve a party from an order or final judgment that is void.  A judgment is 'void' under Rule 60(b)(4) if it was rendered without jurisdiction of the subject matter or the parties or in a manner

---

[7] "[T]here is dicta and then there is dicta, and then there is Supreme Court dicta. This is not subordinate clause, negative pregnant, devoid-of-analysis, throw-away kind of dicta.  It is well thought out, thoroughly reasoned, and carefully articulated analysis by the Supreme Court describing the scope of one of its own decisions.  It constitutes an entire, separately enumerated section of the Supreme Court's *Mickens* opinion – three long, citation-laden paragraphs, consisting of more than five hundred words.  That is some 'postscript.'" *Id.*

inconsistent with due process of law." <u>Oakes v. Horizon Financial, S.A.</u>, 259 F.3d 1315, 1318-19 (11th Cir. 2001), *cert. denied*, 535 U.S. 930 (2002). Mere error in the exercise of jurisdiction does not support relief under Rule 60(b)(4). *Id.*, at 319-320 (collecting cases). The court had jurisdiction over the initial § 2255 motion, and due process was afforded when Defendant filed objections to the report and recommendation and then appealed to the Eleventh Circuit.

It is therefore respectfully **RECOMMENDED** that the Rule 60(b) motion, doc. 92, be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 5, 2007.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**