IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                               CASE NO. 4:97-cr-9-RH-GRJ

ANTHONY WILLIAMS

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's motion to vacate, set aside or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. (Doc. 98.) The United States has filed a "Motion to Dismiss Successive 2255 Petition." (Doc. 100.) Defendant has filed an "Emergency Motion to Correct Records and Clerical Errors," requesting that the Court correct his name in the case style and requesting the Government to amend its response accordingly. (Doc. 101.) For the following reasons, the undersigned recommends that the Government's motion to dismiss be granted, and that Defendant's motion to correct be granted only to the extent that the case style is updated.

Defendant was sentenced in 1997 in this Court to 288 months imprisonment and 5 years of supervised release for possession of a firearm by a convicted felon. (Doc. 36.) Defendant previously filed a motion under § 2255, which was denied on November 1, 2000. (Docs. 67, 78.) Defendant then filed a second motion, styled "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) and (6)," which the Court construed as a petition under § 2255. (Doc. 92.) That petition was dismissed on May 14, 2007 as a successive motion filed without leave of the appellate court. (Doc. 96.)

The instant petition—Defendant's third motion under § 2255—again attacks the sentence imposed by this Court. Specifically, Defendant contends that the Court improperly enhanced his sentence in violation of *Shepard v. United States*, 544 U.S. 13 (2005). (Doc. 98.) Defendant is barred from seeking § 2255 relief at this time on his claims. He was previously denied § 2255 relief and may not file a successive petition under § 2255 without prior certification from the Eleventh Circuit. 28 U.S.C. §§ 2255(h), 2244(b)(3). Even then, a successive petition will not be allowed absent newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h). The record does not disclose that Defendant has sought or been granted leave by the appellate court to file a successive motion to vacate and thus, review in this Court is foreclosed.

Defendant asserts that his name is "Anthony Williams," rather than "Anthony Lee Williams," and requests that the Court update the case style accordingly. (Doc. 101.) The sentencing transcript excerpt attached to Defendant's § 2255 motion evidences that he testified that his name is "Anthony Leiner Williams." (Doc. 98, at 14.) The Court may correct this clerical error, but does not find that Defendant has established good cause for requiring the Government to resubmit its motion to dismiss.

Accordingly, it is respectfully **RECOMMENDED**:

1. The Government's motion to dismiss, Doc. 100, should be **GRANTED**, and Defendant's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, Doc. 98, should be **DISMISSED**.

2.     Defendant's "Emergency Motion to Correct Records and Clerical Errors," Doc. 101, should be **GRANTED** to the extent that the case style shall reflect the name "Anthony Williams" rather than "Anthony Lee Williams."

**IN CHAMBERS** this 7th day of November 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**