IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 4:97cr9/RH/GRJ
   4:15cv487/RH/GRJ

ANTHONY WILLIAMS[1]

---

## REPORT AND RECOMMENDATION

This matter is before the court upon a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 107.) The petition stems from Petitioner's 1997 conviction in this court for being a felon in possession of a firearm. Petitioner had at least three prior felony convictions for crimes of violence (five convictions for burglary), and as such he was subject to enhanced sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Therefore, Petitioner faced a statutory mandatory-minimum sentence of 15 years imprisonment and a maximum of life imprisonment. *See* 18 U.S.C. § 924(e). The district court sentenced him to a term of 288 months imprisonment, and the Eleventh Circuit affirmed. (ECF Nos. 36, 61.)

---

[1] In 2012, this court recommended, as part of its recommendation on Petitioner's second § 2255 motion, that Petitioner's "Emergency Motion to Correct Records and Clerical Errors" (ECF No. 101) be granted only to the extent that the case style in this case should be amended to reflect the name "Anthony Williams" rather than "Anthony Lee Williams." (ECF No. 102). This portion of the recommendation was not specifically addressed by the district court in its order adopting the recommendation with respect to Petitioner's second § 2255 motion. (ECF No. 104). The undersigned notes, however, that the district court amended the style of the case in its order by omitting the middle name "Lee," and as such has followed suit in the caption of this report, despite the fact that no change has been made to the docket.

Petitioner timely sought relief under 28 U.S.C. § 2255 in 2000, arguing that counsel operated under a conflict of interest, that counsel failed to challenge the sufficiency of the evidence with respect to the interstate nexus of the firearm he was charged with possessing, that counsel should have objected to the admission of his prior pleas of nolo contendere and that appellate counsel was constitutionally ineffective for failing to raise the aforementioned grounds on appeal. (*See* ECF No. 76.) The court denied his motion on the merits, and in 2001 both the district and appellate courts denied a certificate of appealability. (ECF Nos. 78, 80, 86.)

In 2007, Petitioner filed a motion in this court titled "Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b)(4) and (6)," which the court construed as a motion pursuant to 28 U.S.C. § 2255 and summarily dismissed the motion as successive. (ECF Nos. 92, 94, 96.)

In 2012 Petitioner filed a motion titled "Non Successive Motion to Vacate under 28 U.S.C. § 2255" in which he asserted that he was improperly treated as an armed career criminal under Shepard v. United States, 544 U.S. 13 (2005). (ECF No. 98.) This motion was also summarily dismissed as successive. (ECF No. 102, 104.)

Most recently, in 2015, Petitioner filed a § 2241 petition in the United States District Court for the Middle District of Pennsylvania, contending that he was sentenced in excess of the applicable statutory maximum in light of Begay v. United States, 553 U.S. 137 (2008) and Johnson v. United States, 135 S.Ct. 2551 (2015). He also filed a motion for appointment of counsel, and subsequently a motion to amend his § 2241 petition, which he again specifically identified as having been filed "pursuant to saving

clause of 28 U.S.C. § 2255(e)." (*See* ECF Nos. 108, 109.) Upon review, the Middle District of Pennsylvania determined that the petition was, in substance, a motion pursuant to 28 U.S.C. § 2255, and that the case should be transferred to this court, the district of conviction.[2] (M.D. Pa. Case 3:15cv1538, ECF No. 7.) The District Court in the Middle District of Pennsylvania also transferred the motions to appoint counsel and to amend, leaving resolution of those motions "to the discretion of the transferee court." (M.D. Pa. Case 3:15cv1538, ECF No. 8.). It did not specifically determine whether Petitioner could show that he was entitled to relief under § 2241 by way of the § 2255 savings clause.

Because Petitioner intended to pursue his claims under 28 U.S.C. § 2241 under the savings clause of § 2255 and not under § 2255 itself, he properly filed his § 2241 petition in the district of his confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). As the Eleventh Circuit has stated in another similar case, if a petitioner has consistently identified his petition as arising under 28 U.S.C. § 2241, it should not be recharacterized as a § 2255 motion. See Garcia v. Warden, 470 F. App'x 735 (11th Cir. 2012) (citing Wyatt v. United States, 574 F.3d 455, 460 (7th Cir. 2009) (explaining that courts "must respect a litigant's decision to invoke a certain statute")); *see also* Zelaya v. Secretary, 798 F.3d 1360, 1362 (11th Cir. 2015) (district court was "not obliged to recast [petitioner's] § 2241 petition over his express wishes"). The Garcia court reversed this court's merits ruling on a § 2241 that had been transferred by the

---

[2]The court cited 28 U.S.C. § 1404(a), which pertains to venue, rather than 28 U.S.C. § 1631, which governs transfer to cure want of jurisdiction, in its order. (M.D. Pa. Case 3:15cv1538, ECF No. 7 at 7).

Southern District of Florida, finding that this court did not have jurisdiction to render such a ruling. It remanded the case with directions to re-transfer the case back to the Southern District, which could then determine whether the savings clause would apply. Garcia, 470 F. App'x at 736. Therefore, as in Garcia, the instant petition should not have been either recharacterized or transferred to this court, because this court does not have jurisdiction to reach the merits of the savings clause issue. *See* Garcia, 470 F. App'x at 736.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 107) should be administratively closed and Petitioner's motion pursuant to 28 U.S.C. § 2241 should be **TRANSFERRED** back to the Middle District of Pennsylvania.

2. Ruling should be deferred on Petitioner's remaining pending motions (ECF Nos. 108, 109), as these motions are best addressed by the reviewing court.

**IN CHAMBERS** at Gainesville, Florida, this 15th day of October, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.