# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                    CASES NO.  4:97cr9-RH/GRJ
                                                 4:15cv487-RH/GRJ

ANTHONY WILLIAMS,

      Defendant.

_____/

## ORDER OF TRANSFER

By petition for a writ of habeas corpus under 28 U.S.C. § 2241, Anthony Williams challenges his federal sentence.  Although the Northern District of Florida is the district of conviction, Mr. Williams is serving his sentence in the Middle District of Pennsylvania.  This order transfers the petition back to that district—the district of confinement—where Mr. Williams originally filed it.

### I.  The Underlying Conviction and Sentence

A grand jury in this district indicted Mr. Williams for possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e).  A jury found

him guilty.  On August 8, 1997, I sentenced Mr. Williams to 288 months in custody.

The first statute cited in the indictment, § 922(g), prohibits a felon from possessing a firearm.  The second cited statute, § 924(e), is the armed-career-criminal statute; it applies when a felon possesses a firearm and has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  The maximum sentence under § 922(g) is 10 years.  The *minimum* sentence under § 924(e) is 15 years, and the maximum is life.  Mr. Williams's 288-month sentence was legal only if he was an armed career criminal under § 924(e).

The presentence report concluded that Mr. Williams was an armed career criminal based on five prior Florida burglary convictions.  A reasonable view of the law at the time—a view later explicitly adopted by the Eleventh Circuit—was that a Florida burglary conviction was an armed-career-criminal predicate offense.  *See United States v. Matthews*, 466 F.3d 1271, 1275-76 (11th Cir. 2006); *see also United States v. James*, 430 F.3d 1150, 1156-57 (11th Cir. 2005), *aff'd*, 550 U.S. 192 (2007); *United States v. Gunn*, 369 F.3d 1229, 1238 (11th Cir. 2004).  This remained the law of the circuit until *James* was explicitly overruled by *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *See, e.g.*, *United States v. Williams*, 603 F.

App'x 919, 923 (11th Cir.) (unpublished), *vacated and remanded for reconsideration in light of Johnson*, 136 S. Ct. 105 (2015).

At sentencing, Mr. Williams did not challenge the assertion that Florida burglary convictions are violent felonies within the meaning of § 924(e). He objected to being sentenced under that statute only on other grounds: he asserted that in one case he was treated as a "youthful offender" so that the conviction should not count at all and that the other four convictions were for two sets of two burglaries each that did not occur on "occasions different from one another." I overruled the objection and sentenced Mr. Williams to 288 months in prison. This was within the guideline range for an armed career criminal.

Mr. Williams appealed on other grounds. The Eleventh Circuit affirmed. The Supreme Court denied certiorari.

## II.   Prior Collateral Attacks

In 1999, Mr. Williams filed a motion for relief under 28 U.S.C. § 2255, again on other grounds. In 2000, I denied the § 2255 motion and denied a certificate of appealability. In 2001, the Eleventh Circuit denied a certificate of appealability.

In 2007, Mr. Williams again moved for relief, again on grounds unrelated to the armed-career-criminal issue. He characterized the motion as arising under Federal Rule of Civil Procedure 60(b). The motion was properly viewed as a

second or successive § 2255 motion, but either way—whether addressed under Rule 60(b) or under § 2255—Mr. Williams was not entitled to relief.  I denied the motion, still in 2007.

In 2012, Mr. Williams filed a motion for relief under § 2255.  He asserted the motion was not second or successive, but the assertion was frivolous; the motion plainly *was* second or successive.  On the merits, the motion asserted that at sentencing, I should have determined whether Mr. Williams's burglary convictions were violent felonies within the meaning of § 924(e) by looking to *Shepard*-approved documents.  *See Shepard v. United States*, 544 U.S. 13 (2005). This was wrong on the merits.  *See, e.g.*, *Descamps v. United States*, 133 S. Ct. 2276 (2013) (applying the categorical approach, not the modified categorical approach that employs *Shepard*-approved documents, to determine that a California burglary is not a "violent felony" under § 924(e)).  But right or wrong, this was Mr. Williams's first assertion that his Florida burglary convictions were not "violent felonies."  I denied the motion for lack of jurisdiction, because a district court can consider a second or successive § 2255 motion only if the court of appeals has authorized its filing on grounds set out in the statute.  *See* 28 U.S.C. § 2255(h).

### III.   This § 2241 Petition

In 2015, Mr. Williams filed this petition, explicitly invoking 28 U.S.C.

§ 2241, not § 2255.  Mr. Williams filed the petition in the Middle District of

Pennsylvania, the district of confinement, as proper for a § 2241 petition.  The

Middle District treated the petition as a motion under § 2255 and transferred the

case to this district.

The petition is before the court on the magistrate judge's report and

recommendation, ECF No. 113, and Mr. Williams's more recent filings, ECF Nos.

113, 114, and 115, none of which are explicitly denominated objections to the

report and recommendation.  The recommendation is for transfer of the petition

back to the Middle District.  I have reviewed the matter de novo.

Under the law of the Eleventh Circuit, relief is available under § 2241 for a

defendant who was sentenced as an armed career criminal under circuit law that

was in place during a direct appeal and first § 2255 motion, who is serving a

sentence longer than 10 years (the statutory maximum on a felon-in-possession

conviction of a person who is *not* an armed career criminal), who is not an armed

career criminal under the more recent "violent felony" decisions, and who cannot

now obtain relief under § 2255 because any § 2255 motion would be second or

successive.  *See Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th

Cir. 2013).  Mr. Williams cannot meet these requirements, because at the time of

sentencing, the law of the circuit was not settled on the question whether a Florida burglary conviction was a "violent felony." *See Williams v. Warden*, 713 F.3d 1332 (11th Cir. 2013).

So if Mr. Williams were in custody in the Eleventh Circuit, he would be unable to obtain relief on the merits under § 2241. But also under the law of the Eleventh Circuit, the petition can and perhaps must be transferred back to the Middle District. *See Garcia v. Warden*, 470 F. App'x 735 (11th Cir. 2012) (unpublished) (reversing this district's denial of a § 2241 petition on the merits after the petition was erroneously transferred to this district). This order thus accepts the report and recommendation and transfers the petition back to the Middle District.

## IV.  More Recent Filings in This District

After the § 2241 petition was transferred to this district, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mr. Williams filed a motion to "combine and clarify" his § 2241 petition with a § 2255 motion in this court. Later, Mr. Williams filed in a single document a "supplemental" § 2241 petition and § 2255 motion. To the extent these filings seek relief under § 2255, they are being addressed in a separate order issued today. To the extent these filings seek relief under § 2241, they are being returned to the Middle District of Pennsylvania for any appropriate treatment in connection with the § 2241 petition.

## V.  File Maintenance

In this district, a § 2255 motion is maintained as part of the original criminal case but is assigned a separate civil case number for tracking purposes.  Because the § 2241 petition was treated by the Middle District as a § 2255 motion, the clerk in this district has maintained the file as the clerk would maintain a § 2255 motion—as part of the original criminal case.  In directing the clerk to transfer the petition back to the Middle District, this order lists the documents that are related to the § 2241 petition.  Had the § 2241 petition been docketed separately—as ordinarily would have been done with a § 2241 petition—these are the only documents that would be in the file.

## VI. Conclusion

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

1.  The report and recommendation is accepted and adopted as the court's further opinion.

2.  The § 2241 petition, ECF No. 107, together with ECF Nos. 107-1, 108, 109, 112, 113, 114, and 115, is transferred back to the Middle District of Pennsylvania.  The clerk must take all steps necessary to effect the transfer.

SO ORDERED on December 30, 2015.

s/Robert L. Hinkle
United States District Judge